Yang v. Whitaker

BIA
Nelson, IJ
A200 177 805

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> RENNA RAGGI,
> DENNY CHIN,
> *Circuit Judges.*

_____

FENG YANG,
> *Petitioner,*

v.                                                    17-1706
                                                      NAC

MATTHEW G. WHITAKER,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Mike P. Gao, Flushing, NY.

FOR RESPONDENT:              Chad A. Readler, Principal Deputy
                             Assistant Attorney General; Paul
                             Fiorino, Senior Litigation
                             Counsel; Judith R. O'Sullivan,
                             Trial Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Feng Yang, a native and citizen of the People's Republic of China, seeks review of a May 19, 2017, decision of the BIA affirming a September 20, 2016, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Yang,* No. A200 177 805 (B.I.A. May 19, 2017), *aff'g* No. A200 177 805 (Immig. Ct. N.Y. City Sept. 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum**

An asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed

2

within 1 year after the date of the alien's arrival in the United States," or "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's finding that an application was untimely is limited to "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D); *see id.* § 1158(a)(3); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 177-78 (2d Cir. 2006).

We dismiss the petition as to asylum for lack of jurisdiction. Yang claimed that he did not apply for asylum on arriving in the United States because he did not speak English and had to repay his snakehead. Yang does not challenge the agency's factual determination that the language barrier and his outstanding debt were not extraordinary circumstances excusing a ten-year delay. Although he now contends that political activities in the United States constitute a changed circumstance, this argument is unexhausted, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007), and the explanation implicates the adverse credibility determination, which is an

3

unreviewable factual determination in this context and, as discussed below, is supported by substantial evidence.

**II. Adverse Credibility Determination**

"Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Yang was not credible.

Yang testified that he left China in 2000 because the Chinese authorities were looking for him because they had learned that he planned to petition the government after the demolition of his family's home. But Yang both omitted this event from his written statement and inconsistently stated that he left China for a better future because of his family's

4

difficult financial circumstances.  The IJ reasonably relied on the inconsistency, which called into question why Yang left China and whether there was any reason that he would be on the Chinese government's radar.  *See id.* at 166-67 (explaining that "an IJ may rely on *any* inconsistency or omission"); *Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) ("Omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." (brackets and citation omitted)).

The agency was not required to accept Yang's explanations for the omission because they do not explain why his written statement says he came to the United States for a better future given his family's finances.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

The adverse credibility determination is further supported by the IJ's finding that Yang's testimony lacked detail, in that he was unable to elaborate on the articles he wrote, and the IJ's observations of his demeanor, to which we

defer. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that, in considering credibility, an IJ may rely on "demeanor, candor, or responsiveness"); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (giving "particular deference" to demeanor findings (internal quotation marks omitted)). Although Yang argues that his nervousness was normal and the IJ's demeanor finding was speculative, the IJ reasonably relied on the fact that, despite repeated questioning, Yang could not describe the contents of his own articles. *See Li Hua Lin*, 453 F.3d at 109.

The agency also reasonably found that Yang failed to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). Where an asylum applicant bases a claim solely on activities in the United States, the applicant must show that the Chinese government is aware or likely to become aware of those activities. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008)(per curiam). As the IJ found, Yang provided no evidence to corroborate his testimony that

6

Chinese authorities told his parents that they were aware of his prodemocracy activities in the United States.

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive because withholding of removal and CAT relief relied on Yang's credibility and are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Hence, we do not reach the agency's alternative burden-of-proof finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7